UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN NOAH SHAPIRO,<br>12 James Way<br>Cambridge, MA 02141,<br><br>JASON LEOPOLD<br>1669 Benedict Canyon Drive<br>Beverly Hills, California 90210,<br><br>    PLAINTIFFS<br>  vs.<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br>    DEFENDANT | Judge _____<br>Civil Action No. _____ |

## **COMPLAINT**

## THE PARTIES

1.  Plaintiff Ryan Noah Shapiro is a citizen of Massachusetts residing at 12 James Way, Cambridge, MA 02141.

2.  Plaintiff Shapiro is a Ph.D. candidate in the Department of Science, Technology, and Society at the Massachusetts Institute of Technology. Plaintiff specializes in research and analysis of conflicts at the nexus of American national security, law enforcement, and political dissent.

3.  Plaintiff Jason Leopold is a citizen of California residing at 1669 Benedict Canyon Drive, Beverly Hills, CA 90210.

4.  Mr. Leopold spent three and a half years as lead investigative reporter of Truthout.org, a nonprofit newsroom, and is now a regular contributor to Al Jazeera English

where he cover Guantanamo, national security, counterterrorism, civil liberties, human rights and open government. Additionally, he is the editor-at-large for The Public Record.  His reporting has appeared in The Nation, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times and numerous other domestic and international publications.

5. Mr. Leopold seeks access to certain public records to write a news report for distribution to the general public. His connections and relationships with a wide range of domestic and international media organizations will ensure that any story he drafts based on the information contained in these documents will be published and reprinted

6. Defendant Department of Justice (DOJ) is an agency of the United States.

7. The Federal Bureau of Investigation (FBI) is a component of the DOJ.  The FBI has possession, custody and control of the records Plaintiffs seek.

## JURISDICTION AND VENUE

8. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

9. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

10. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

11. Michael Mahon Hastings died in a car crash in Los Angeles on June 18, 2013.  At the time of his death, he believed he was under investigation and possible surveillance by the FBI.

12. Plaintiffs seek all records that were prepared, received, possessed, transmitted, collected and/or maintained by the Federal Bureau of Investigation (FBI), the Terrorist Screening Center, the National Joint Terrorism Task Force, any Joint Terrorism Task Force, or any other component of the FBI relating or referring to the deceased individual Michael Mahon Hastings.

13. Michael Hastings was an award-winning investigative journalist who published articles in Rolling Stone, Buzzfeed, the Los Angeles Times, Gentleman's Quarterly, Slate and Foreign Policy among other publications. Mr. Hastings also authored books about the wars in Iraq and Afghanistan. His best known work "The Runaway General," published in Rolling Stone, led to the resignation of General Stanley McChrystal, Commander, United States Forces Afghanistan. Mr. Hastings specialized in stories investigating abuses by government officials and agencies. His published work includes exposes and articles on drone strikes, the military command structure in Afghanistan, the United States government's domestic spying, Hilary Clinton's role in the Benghazi scandal, as well as many other controversial topics.

14. Shortly before Mr. Hasting's death he sent multiple emails, including to the attorney for the whistleblower organization WikiLeaks, stating that the FBI was investigating him. Mr. Hastings believed this investigation may have been related to an ongoing national and international scandal concerning NSA and FBI surveillance practices. Since Mr. Hasting's death there has been widespread speculation that the FBI or other United States agencies (including the NSA or CIA) may have been involved in, responsible for, or have undisclosed knowledge relating to Mr. Hastings' death. Public curiosity about Mr. Hastings' death is linked to the ongoing national and global front page controversy pertaining to the NSA and FBI's potentially illegal and unconstitutional surveillance of American citizens, a controversy about which Hastings himself recently wrote and which he continued to research. Mr. Hastings' death and

the related controversies regarding domestic surveillance are matters of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence in the government.

## PLAINTIFFS' FOIA/PA REQUESTS

15. On June 18, 2013, Plaintiff Leopold sent a FOIA/PA request to the FBI via email, requesting copies of "FBI files and any other documents the FBI may have on journalist and author Michael Hastings."

16. On June 25, 2013 the FBI acknowledged receipt of Plaintiff Leopold's FOIA/PA request described in the previous paragraph and assigned it FOIPA Request No. 1218280-000.

17. On June 24, 2013, Plaintiff Shapiro sent a FOIA/PA request to the FBI via Certified Mail (#7012 3050 0001 2933 4796) seeking a copy of any and all records that were prepared, received, transmitted, collected and/or maintained by the Federal Bureau of Investigation (FBI), the Terrorist Screening Center, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the deceased individual Michael Mahon Hastings.

18. According to the records of the U.S. Postal Service, the FOIA/PA request described in the previous paragraph was received by the FBI on June 26, 2013.  In a letter sent to Plaintiff Shapiro dated July 2, 2013, the FBI acknowledged receipt of Plaintiff Shapiro's FOIA/PA request described in the previous paragraph and assigned it FOIPA Request No. 1218722-000.

.

**FBI'S FAILURE TO RESPOND TO PLAINTIFF'S FOIA/PA REQUESTS**

19. The FBI's response to Plaintiff Leopold's FOIA/PA request regarding Michael Hastings (1218280-000) was due twenty working days after the FBI received it on June 18, 2013, which would have been July 17, 2013.

20. As of the filing of this Complaint, Plaintiff Leopold has not received a response to his FOIA/PA request (1218280-000) with a determination as to whether the FBI will comply with the request.

21. Under 5 USC § 552(a)(6)(C)(i), Plaintiff Leopold is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1218280-000) because the FBI has failed to comply with the statutory time limit.

22. The FBI's response to Plaintiff Shapiro's FOIA/PA request regarding Michael Hastings (1218722-000) was due twenty working days after the FBI received it on June 26, 2013, which would have been July 25, 2013.

23. As of the filing of this Complaint, Plaintiff Shapiro has not received a response to his FOIA/PA request (1218722-000) with a determination as to whether the FBI will comply with the request.

24. Under 5 USC § 552(a)(6)(C)(i), Plaintiff Shapiro is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1218722-000) because the FBI has failed to comply with the statutory time limit.

25. Pursuant to 5 USC § 552(a)(6)(E)(ii), the FBI's response to Plaintiff Shapiro's FOIA/PA request for expedited processing of his FOIA/PA request (1218722-000) was due ten days after the FBI received it on June 26, 2013, which would have been July 6, 2013.

26. As of the filing of this Complaint, Plaintiff Shapiro has not received a response to his request for expedited processing regarding FOIA/PA request (1218722-000).

## COUNT I:
## VIOLATION OF FOIA

27. This Count realleges and incorporates by reference all of the preceding paragraphs.

28. Each of the documents referred to in this Complaint is incorporated herein by reference.

29. Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiffs' FOIA/PA requests (1218722-000 and 1218280-000).

30. Defendant has violated FOIA by failing to grant Plaintiff Shapiro's request for expedited processing (1218722-000) within the time limit prescribed by the statute.

31. Plaintiffs have been and will continue to be irreparably harmed until Defendant is ordered to comply with Plaintiffs' FOIA/PA requests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Declare that Plaintiff Shapiro is entitled to expedited processing of his FOIA/PA request (1218722-000);

(3) Enjoin Defendant from continuing to withhold the records responsive to Plaintiffs' FOIA/PA requests and otherwise order Defendant to produce the requested records without further delay;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

\_\_/s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiffs*