UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RYAN NOAH SHAPIRO, *et al.*, | ) | |
| | ) | |
| PLAINTIFFS | ) | Civil Action No. 1:13-cv-1139 (RBW) |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

## PLAINTIFF RYAN NOAH SHAPIRO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Ryan Noah Shapiro respectfully submits this motion for partial summary judgment seeking an expedition order.  A statement of facts, proposed order and memorandum of points and authorities accompany this motion.

Respectfully Submitted,

 /s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiffs*

Dated: July 31, 2013

## CERTIFICATE OF SERVICE

I hereby certify this 31st day of July, 2013 that a copy of the foregoing **PLAINTIFF RYAN NOAH SHAPIRO'S MOTION FOR PARTIAL SUMMARY JUDGMENT** and all attachments have been hand-delivered on the United States Attorney's Office for the District of Columbia and the United States Department of Justice.

                                          /s/ Jeffrey Light                                    

                                    Jeffrey L. Light
                                    D.C. Bar #485360
                                    1712 Eye St., NW
                                    Suite 915
                                    Washington, DC 20006
                                    (202)277-6213
                                    Jeffrey.Light@yahoo.com

                                    *Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RYAN NOAH SHAPIRO, *et al.*, | ) | |
| | ) | |
| PLAINTIFFS | ) | Civil Action No. 1:13-cv-1139 (RBW) |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF RYAN NOAH SHAPIRO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I.      PROCEDURAL BACKGROUND

On June 24, 2013, Plaintiff Ryan Noah Shapiro sent a FOIA/PA request to the FBI

via Certified Mail (#7012 3050 0001 2933 4796) seeking a copy of any and all records

that were prepared, received, transmitted, collected and/or maintained by the Federal

Bureau of Investigation (FBI), the Terrorist Screening Center, the National Joint

Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the

deceased individual Michael Mahon Hastings.  (Pl. St. of Facts ¶¶ 1-2; Ex. 1.)  Mr.

Shapiro's request sought expedited processing.  (Pl. St. of Facts ¶ 1; Ex. 1.)

According to the records of the U.S. Postal Service, Mr. Shapiro's FOIA/PA request

was received by the FBI on June 26, 2013.  (Pl. St. of Facts ¶ 3; Ex. 2.)  In a letter sent to

Plaintiff Shapiro dated July 2, 2013, the FBI acknowledged receipt of Plaintiff Shapiro's

FOIA/PA request and assigned it FOIPA Request No. 1218722-000.  (Pl. St. of Facts ¶ 4;

Ex. 3.)

1

After the statutory period had elapsed and Mr. Shapiro was deemed to have exhausted his administrative remedies, he filed the present suit on July 26, 2013.  [ECF: 1.] As of the filing of this motion, Mr. Shapiro has not received a response to his FOIA/PA request (1218722-000) with a determination as to whether the FBI will comply with the request or grant him expedited processing. (Pl. St. of Facts ¶ 5; Shapiro Decl. ¶ 3.)

II.     FACTUAL BACKGROUND

Michael Hastings was a prominent and controversial journalist whose reporting frequently included scathing critiques of American national security operations abroad and at home.  (Pl. St. of Facts ¶ 7; Ex. 4.)  Hastings' recent violent death has become deeply controversial, with widespread speculation that an FBI and/or other government (including NSA and CIA) investigation of Hastings was in part responsible for his death. (Pl. St. of Facts ¶ 8; Ex. 4.)  This controversy concerning Hastings' death has even spread to speculation that the FBI and/or other U.S. intelligence agencies "assassinated" Hastings in order to silence his journalism.[1]  (Pl. St. of Facts ¶ 9; Ex. 4.)

---

[1] Although not part of the administrative record before the agency, it is notable that former U.S. National Coordinator for Security, Infrastructure Protection, and Counter-terrorism Richard Clarke told the Huffington Post that what is known about the single-vehicle crash is "consistent with a car cyber attack."  "Was Michael Hastings' Car Hacked? Richard Clarke says It's Possible," Huffington Post, June 24, 2013, available at http://www.huffingtonpost.com/2013/06/24/michael-hastings-car-hacked_n_3492339.html (last accessed July 30, 2013).

III.    ARGUMENT

A.  <u>Standard of adjudication</u>

i.      <u>Summary judgment</u>

Under Rule 56, "A party may move for summary judgment, identifying each claim or

defense — or the part of each claim or defense — on which summary judgment is sought.

The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. Pro. Rule 56(a).


ii.     <u>Expedited processing</u>

Pursuant to 5 USC § 552(a)(6)(E)(i), agencies must "promulgate regulations . . .

providing for expedited processing of requests for records – (I) in cases in which the

person requesting the records demonstrates a compelling need; and (II) in other cases

determined by the agency."  The Department of Justice has promulgated a regulation, in

accordance with subsection (II), which provides for expedited processing, *inter alia*,

when the request involves "[a] matter of widespread and exceptional media interest in

which there exist possible questions about the government's integrity which affect public

confidence."  28 CFR § 16.5(d)(1)(iv).  *See Edmonds v. FBI*, Civil Action No. 1:02-cv-

1294 (ESH), 2002 U.S. Dist. LEXIS 26578, at *8-*9 (D.D.C. Dec. 3, 2002)(recognizing

that the Department of Justice promulgated 28 CFR § 16.5(d)(1)(iv) pursuant to its

discretionary authority under subsection (II) and therefore this provision does not require

a showing of "compelling need").  To be entitled to expedited processing under this

provision, "plaintiff need not show prejudice or a matter of current exigency to the

American public[.]" *Id.* at *9.  Further, a plaintiff is entitled to expedited processing even where a "defendant could justifiably argue that the Court's application of the relevant regulation will result in an even greater burden on its already strained resources and will disadvantage other FOIA requesters[.]"  *Id.* at *12.

B.  <u>Judicial review of a request for expedited processing</u>

"Under 5 U.S.C. § 552(a)(6)(E)(iii), failure of an agency to timely respond to a request for expedited processing is subject to judicial review." *Judicial Watch v. United States Naval Observatory*, 160 F. Supp. 2d 111, 112 (D.D.C. 2001).  Timely review means review within ten calendar days of receipt by a component of a request.  28 CFR § 16.5(d)(4).  When it received Mr. Shapiro's request on June 26, 2013, the FBI was required to "forward it immediately to that office [Office of Public Affairs] by hand-delivery or fax." 28 CFR § 16.5(d)(2).  The present suit was not filed until a full month after Mr. Shapiro's request was received by the FBI and therefore the agency's failure to respond to his request for expedited processing is reviewable by the Court.

Mr. Shapiro also complied with the administrative requirement contained in 28 CFR § 16.5(d)(3) that "[a] requester who seeks expedited processing must submit a statement, certified to be true and correct to the best of that person's knowledge and belief, explaining in detail the basis for requesting expedited processing."  Mr. Shapiro's request contained the appropriate certification and detailed the basis for his request for expedited processing.  (Ex. 1.)

A motion for partial summary judgment on the issue of expedited processing is a proper vehicle for a plaintiff seeking to compel an agency to produce the requested

records as soon as practicable.  *Leadership Conf. on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 259-60 (D.D.C. 2005); *Edmonds* at *7.

 

C.  Plaintiff's entitlement to expedited processing

Mr. Shapiro is entitled to expedited processing of his request because his request concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."  28 CFR § 16.5(d)(1)(iv).

 

i.  Plaintiff Ryan Noah Shapiro's FOIA request concerns a matter of widespread and exceptional public interest.

Mr. Shapiro's FOIA request cites several news articles[2] that "were published in a variety of publications, and repeatedly reference the ongoing national discussion about" Hastings' journalism and the facts surrounding his death.  *ACLU v. United States DOJ*, 321 F. Supp. 2d 24, 32 (D.D.C. 2004).  (Pl. St. of Facts ¶¶ 10-11; Ex. 1; Ex. 4.)  Thus, Mr. Shapiro has satisfied his burden of showing that the matter is of widespread and exceptional public interest.

Although Mr. Shapiro's FOIA request concededly cites only a handful of articles, this Court has explained that the Office of Public Affairs (OPA), as DOJ's "media

---

[2] http://www.huffingtonpost.com/2013/06/22/michael-hastings-email_n_3484118.html; http://www.dailymail.co.uk/news/article-2345332/Paranoid-Michael-Hastings-told-WikiLeaks-lawyer-investigated-FBI-hours-deadly-car-crash.html; http://www.theatlanticwire.com/national/2013/06/fbi-wikileaks-michael-hastings/66478/; http://www.infowars.com/evidence-indicates-michael-hastings-was-assassinated/; http://www.infowars.com/is-journalist-michael-hastings-a-victim-of-obamas-assassination-policy/; http://www.infowars.com/michael-hastings-assassinated-for-work-uncovering-surveillance-state/; http://jimstonefreelance.com/hastingsmurdered.html.

specialists," *see* 63 Fed. Reg. 29591, 29592, "cannot simply turn a blind eye to the flurry

of media attention (of which plaintiff['s] articles are a representative sample)" that

Hastings' death and the alleged FBI investigation have generated, "nor can it turn a deaf

ear to" the FBI's acknowledgment of the controversy by denying that it had investigated

Hastings.[3]  *ACLU*, 321 F. Supp. 2d at 32.  At the time of Mr. Shapiro's request, there had

been articles about Hastings' journalism and death in virtually every major media outlet.


    ii.    <u>There exist possible questions about the government's integrity which affect
public confidence.</u>


The articles cited by Plaintiff also demonstrate that the facts surrounding Hastings'

death and speculation about an FBI investigation raise possible questions about the

government's integrity which affect public confidence.  For example, the Daily Mail

reported that whistleblower group WikiLeaks tweeted that hours before his death,

Michael Hastings contacted its lawyer saying that the FBI was investigating him.  (Pl. St.

of Facts ¶ 15; Ex. 4.)  The newspaper also quoted fellow journalist Cenk Uygur as

stating, "Michael Hastings was a journalist who definitely gave the government trouble,

the Pentagon trouble, so if they were surveilling him it wouldn't be that surprising."  (Pl.

St. of Facts ¶ 17; Ex. 4.)  If the FBI launched an investigation of a journalist simply

because he "gave the government trouble" by engaging in protected First Amendment

---

[3] A Huffington post article quotes FBI spokeswoman Laura Eimiller as saying, "At no
time was journalist Michael Hastings under investigation by the FBI," and also
acknowledging that it was "a departure from normal policy" for the FBI to go out of its
way to deny the existence of an investigation. (Pl. St. of Facts ¶¶ 13-14; Ex. 5.)

activity – criticizing and exposing officials' conduct – such a probe would certainly raise questions about the government's integrity which affect public confidence.

Further, the circumstances surrounding Hastings' death themselves have led to questions about the government's integrity, with widespread speculation that an FBI investigation of Hastings was in part responsible for his death.  The Atlantic Wire reported that as a result of WikiLeaks' tweet, many people have been speculating that "the FBI may have had something to do with Hastings's [sic] death."  (Pl. St. of Facts ¶¶ 16; Ex. 4.)

One witness described an explosion: "It sounded like a bomb went off in the middle of the night. My house shook. The windows were rattling."[4]  (Pl. St. of Facts ¶ 18; Ex. 4.) Other individuals "are linking Hastings to a technique called 'Boston Brakes,' wherein the electronic management of a car, specifically a Mercedes, can be hijacked remotely. (Hastings was driving a Mercedes at the time of the accident.)"  (Pl. St. of Facts ¶ 19; Ex. 4.)

On the popular website InfoWars.com, stories about Michael Hastings' death are among the most visited.[5]  Articles on InfoWars.com have suggested that Hastings was targeted and assassinated by the federal government in response to pieces he wrote about Gen. Stanley A. McChrystal and controversial government policies.  (Pl. St. of Facts ¶ 22; Ex. 4.)  These InfoWars.com articles also try to link the death of Hastings to the

---

[4] Video has since been posted online showing Hastings' car in flames after the accident. *See, e.g.*, "Journalist Michael Hastings / Inside Edition / Scott Lane / Alex Jones," LAnewsLOUDLABS, http://www.youtube.com/watch?v=vpd_Uoei_TQ (last accessed July 30, 2013).

[5] According to web analytics company Alexa, InfoWars.com is the 367th most visited site in the United States, and "Michael Hastings" is the third most common search term entered by users to arrive at the site. (Pl. St. of Facts ¶¶ 20-21; Ex. 6.)

Obama administration's position that it has the authority to defend the United States with lethal force if there is an imminent threat of violent attack, which one writer extrapolates as a claim that the government has "the authority to assassinate American citizens anywhere in the world if they are deemed a national security threat." (Pl. St. of Facts ¶ 23; Ex. 4.) That writer then asks, "Is it really that crazy to suggest that Michael Hastings was merely the latest victim of this doctrine?" (Pl. St. of Facts ¶ 23; Ex. 4.) A prompt search for responsive records, and disclosure of any which are not exempt from release under FOIA, would likely shed significant light on the uncertainties fueling this heated controversy. *See Cuban v. SEC*, 744 F. Supp. 2d 60, 84 (D.D.C. 2010) (finding public interest existed where "the disclosure sought by the plaintiff would assuredly shed light on an agency's performance of its statutory duties and its compliance with the law") (internal quotation marks omitted).

D.  Relief Requested

Upon determining that Mr. Shapiro's request is entitled to expedited processing, the agency is obligated to process the request "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii); 28 C.F.R. § 16.5(d)(4). The statute and DOJ's implementing regulations do not define what is meant by "as soon as practicable," but "relevant case law establishes that courts have the authority to impose concrete deadlines on agencies that delay the processing of requests meriting expedition." *Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006).

If "as soon as practicable" meant more than 20 days, it would lead to the absurd result that expedited requests may be processed more slowly than standard FOIA request, for

which the statute imposes a 20 day time limit.  *Id.* at 39.  Thus, the Court should order

Defendant to complete processing of Mr. Shapiro's request within 20 days of the date of

the Court's order granting partial summary judgment and provide Mr. Shapiro with a

*Vaughn* index and/or declaration within 30 days of the date of the Court's order granting

partial summary judgment.  *Id.* at 43.


IV.     CONCLUSION

For the foregoing reasons, the Court should grant this motion and order the defendant

to expedite processing of Mr. Shapiro's FOIA request regarding Michael Hastings.


 _/s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiffs*