UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO, *et al.*,

        PLAINTIFFS

vs.

DEPARTMENT OF JUSTICE,

        DEFENDANT

Civil Action No. 1:13-cv-1139 (RBW)

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME

Plaintiffs respectfully submit this memorandum in opposition to defendant's motion for an extension of time to respond to the Complaint and Motion for Partial Summary Judgment. Because Defendant has not set forth good cause, and because there exists an urgent need to inform the public regarding records maintained by the FBI about Mr. Michael Hastings, the Court should deny Defendant's request for an extension of time.

Plaintiffs commenced this suit on July 26, 2013. [ECF: 1.] On July 31, 2013, Plaintiff Ryan Shapiro moved for partial summary judgment on his claim for expedited processing. [ECF: 3.] Defendant was hand-served with a copy of the Motion for Partial Summary Judgment, as well as the Complaint and Summons, on July 31, 2013. [ECF: 3, 4, 5.] Accordingly, Defendant's response to the Motion for Summary Judgment is due on August 14, 2013, and its response to the Complaint is due on August 30, 2013. *See* LCvR 7(b)(response to motions due within 14 days); 5 U.S.C. § 552(a)(4)(C) (response to FOIA complaint due within 30 days).

1

Defendant's motion fails to meet the standard of "good cause" required by Fed. R. Civ. Pro. Rule 6(b).[1] "[T]he good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite its diligence." *Capitol Sprinkler Inspection, Inc. v. Guest Servs.*, 630 F.3d 217, 226 (D.C. Cir. 2011)(internal marks omitted). A "cursory showing [which] does not bespeak diligence or any sense of urgency at all" is not sufficient to meet the "good cause" standard. *Id.*

Defendant's actions here do not "bespeak diligence." By assigning an AUSA to this case who has to contend with contemporaneous deadlines in other litigation and who has already scheduled a leave of absence, Defendant has demonstrated that it does not have a "sense of urgency at all."

Defendant here attempts to justify the extension by citing the assigned AUSA's press of business in another matter. However, the press of business alone does not constitute good cause for an extension of time absent a showing of due diligence. "Reasons such as 'the press of other business' are not considered sufficient reasons for extensions of time

---

[1] Although Defendant purports to bring its motion for extension of time pursuant to Fed. R. Civ. Pro. Rule 6(b), the provisions of FOIA supplant the Federal Rules of Civil procedure in this respect. The FOIA statute provides, "Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown." 5 U.S.C. § 552(a)(4)(C). *See Argentine Republic v. Nat'l Grid PLC*, 637 F.3d 365, 368 (D.C. Cir. 2011)(Fed. R. Civ. Pro. 6(b) cannot be used to extend statutory deadlines). Congress arguably intended the "good cause" requirement of 5 U.S.C. § 552(a)(4)(C) to be a stricter standard than the "good cause" requirement of Fed. R. Civ. Pro. Rule 6(b)(1) because the FOIA statute "embodies a policy of expedited handling of requests for documents, [and therefore] a government agency has thirty days to answer a FOIA complaint and motion, rather than the sixty day period usually accorded the government. 5 U.S.C. § 552(a)(4)(C)." *Coastal States Gas Corp. v. Department of Energy*, 644 F.2d 969, 972 (3rd Cir. 1981). The Court need not determine whether the "good cause" requirements are the same, however, because Defendant does not even meet the "good cause" standard under Fed. R. Civ. Pro. 6(b)(1).

2

and do not show the required due diligence." *Thiel v. United States Dep't of Agric.*, 2010 U.S. Dist. LEXIS 126408 (D. Mont. Dec. 1, 2010).  Further, Defendant's motion indicates that the deadline in the other litigation has already passed, leaving counsel for Defendant with sufficient time to respond to the Motion for Partial Summary Judgment and the Complaint.  (Defendant appears to have miscalculated the due date for its response to the Motion for Summary Judgment as August 12, 2013, when its response is not due until August 14, 2013.)

Defendant also argues that as "a matter of judicial economy" it should be permitted to file its Complaint and Motion for Partial Summary Judgment simultaneously.  It is unclear how Defendant believes that judicial resources would be conserved by the simultaneous filing of its two responses.  At any rate, Defendant can file its Answer or other response to the Complaint on August 14, 2013, if it believes that simultaneous filing would be beneficial.

While Defendant's cursory argument does not meet the standard of showing good cause, Plaintiff Ryan Shapiro has clearly demonstrated in his Motion for Partial Summary Judgment the need to avoid further delays in the release of Mr. Hastings' non-exempt records.  Defendant appears to recognize that Plaintiff Ryan Shapiro is entitled to expedited processing, as it has already begun processing potentially responsive records and expects to have the processing completed by September 9, 2013.  Rather than seeking an extension of time to respond to Plaintiff Ryan Shapiro's Motion for Partial Summary Judgment, if Defendant indeed intends to complete processing by September 9, 2013, it could simply file a notice consenting to entry of partial summary judgment, thus obviating the need to file a substantive response to the motion.

Accordingly, Defendant's Motion for an Extension of Time should be denied.

     /s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify this 14th day of August, 2013 that a copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME** has been served on all counsel of record via the CM/ECF system.

      /s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiffs*