**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RYAN NOAH SHAPIRO and | ) | |
| JASON LEOPOLD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-1139 (RBW) |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF EXTENSION OF TIME RESPOND TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT

At issue here is a request for a modest extension – three weeks to respond to Plaintiffs' partial dispositive motion and 10 days to respond to their complaint – that should allow Defendant to complete processing of Plaintiffs' FOIA requests and allow this litigation to be advanced in a more meaningful fashion than by diverting time to briefing the issue of whether Plaintiffs are entitled to expedited processing in the first place.  Plaintiffs' opposition only passingly acknowledges this practical reality, and fails to offer anything more than conclusory explanations of how they would be prejudiced by the extension.  Accordingly, Defendant's motion should be granted.

As an initial matter, Plaintiffs correctly note in their opposition that their motion for partial summary judgment was served by hand on July 31, 2013, making Defendant's response due on August 14, 2013.  The undersigned had erroneously assumed that the motion had been served by mail, and it was on that basis that he had calculated the response date to the motion to be August 19, 2013.  This understanding was reinforced in an email exchange with Plaintiffs'

counsel to confer on the requested extension.  The undersigned stated that he considered the

response date to be August 19 without any correction by Plaintiffs' counsel.  *See* Ex. 1 (email

exchange).

Nevertheless, the basis for the motion still stands.[1]  Under Rule 6, requests for extension

of time made before the applicable deadline has passed should "normally . . . be granted in the

absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."  4B

Charles Alan Wright & Arthur R. Miller, *Federal Prac. & Proc.*, § 1165 (3rd ed. 2004); *see*

Advisory Comm. Note on Fed. R. Civ. P. 6(b) (explaining that rule is one "of general application

giving wide discretion to the court to enlarge [the Federal Rules'] time limits or revive them after

they have expired").[2]  Here, there is nothing to indicate that Defendant makes its motion out of

bad faith, and Plaintiffs fail to demonstrate any prejudice from the requested extension.

---

[1] Under the correctly calculated deadline for responding to the motion for partial summary
judgment, Defendant's motion for extension was filed before the original time to act expired, and
thus the motion should be evaluated under the good cause standard of Rule 6(b)(1)(A).
Defendant, however, is mindful of the Court's standing rule that all motions for extension of
time are to be filed at least four business days before the original deadline expires.  The motion
was filed one business day before the correctly calculated deadline, and to the extent that renders
the motion untimely with respect to the requested extension to respond to the motion for partial
summary judgment, that aspect of the motion may be evaluated under the excusable neglect
standard of Rule (6)(b)(1)(B).  Furthermore, Plaintiffs contend that the motion must be evaluated
under the "good cause" standard of 5 U.S.C. § 552(a)(4)(C) rather than Rule 6(b)(1)(A).  Pls.'
Opp'n at 2 n.1.  Defendant has not found any cases distinguishing between the good cause
requirement in these two provisions.  Ultimately, regardless of which provision is applied, and
even if the excusable neglect standard is applied with respect to the request for an extension of
time to respond to the partial motion for summary judgment, Defendant has set forth sufficient
grounds for its motion to be granted.

[2] *Capitol Sprinkler Inspection, Inc. v. Guest Services, Inc.*, 630 F.3d 217 (D.C. Cir. 2011), cited
by Plaintiffs in their opposition, is not to the contrary.  That case involved the denial of a party's
motion to extend an expert disclosure deadline set in a Rule 16 scheduling order, not a Rule 6
motion as is the case here.

Moreover, the motion is supported by good cause.  Foremost, the extension of time is likely to moot the grounds for Plaintiffs' partial dispositive motion, thereby obviating the need for the Court to have to adjudicate Plaintiffs' motion.  Def.'s Mot. for Extension, ¶ 2; *see Waller v. Zych*, No. 08-15240, 2009 WL 2382557, at *3 (E.D. Mich. Jul. 31, 2009) (granting government's motion for extension of time to respond to habeas corpus petition where additional time could result in petition becoming moot).  Furthermore, an attorney's conflicts based on deadlines in other matters as well as scheduled leave planned around a holiday can be good cause for extending a deadline under Rule 6(b).  *See Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010) (finding that district court did not abuse its discretion in granting one-week extension to respond to dispositive motion where, *inter alia*, attorney was scheduled to attend to other business matter and was "neither unreasonab[ly] nor unexpected[ly]" out of town for Labor Day weekend).[3]

Defendant has also satisfied the excusable neglect standard to the extent it is applicable here.  "The inquiry for 'excusable neglect' hinges on whether there will be prejudice to the plaintiff, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the defendant, and whether the defendant acted in good faith."  *Embassy of the Federal Republic of Nigeria v. Ugwuonye*, 901 F. Supp. 2d 92, 99 (D.D.C. 2012).  Those factors all point in favor of granting the extension.

Plaintiffs offer no real demonstration of any prejudice that would result from the requested extension.  Indeed, they show that they are perfectly able to live with the proposed

---

[3] The undersigned erroneously stated that the motion for summary judgment in *Morris v. McCarthy*, No. 11-701 (D.D.C.) is due on August 12, 2013.  Def.'s Mot. for Extension, ¶ 2.  It is in fact due on August 19.

September 9 deadline in suggesting that they would be content to have Defendant concede partial summary judgment and abide by that deadline.  Pl.'s Opp'n at 3.

The delay involved is minimal.  The motion for extension was timely filed under Rule 6(b)(1)(A), but three business days after the Court's four-day period was triggered.  Moreover, that delay carries little potential impact for this case.  No response to the complaint is due in this matter until August 30, at the earliest, and no scheduling order has been entered.

Although the reason for the delay was the undersigned's error, it is to be noted that Plaintiffs' counsel, either out of his own error in calculating the response date or deliberately, did not refute the undersigned's understanding of the deadline to respond to the motion for partial summary judgment.

Finally, Defendant has not acted in bad faith.  It believed that it was filing the motion for extension in a timely manner, both with respect to the Rule 6(b)(1)(A) and the Court's four-day rule.

## CONCLUSION

For the reasons stated herein and in Defendant's motion, the Court should grant the requested extension.

Respectfully submitted,

RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 9240922
Chief, Civil Division

By:  _/s/_____
JAVIER M. GUZMAN
D.C. BAR #462679

4

Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-1761
Fax: (202) 514-8780
Javier.Guzman2@usdoj.gov